UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAUL MORALES,

                    Petitioner,

  - against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------X

07 Civ. 10393 (RMB) (JCF)

**DECISION & ORDER**

## I. Background

On or about November 7, 2007, pro se petitioner Raul Morales ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") against the United States of America ("Respondent") seeking to "vacate, set aside, or correct" his December 20, 2002 sentence of 120 months incarceration following his August 15, 2002 guilty plea pursuant to a plea agreement, dated August 7, 2002 ("Plea Agreement"). (See Petition, dated Nov. 5, 2007 ("Pet."), at 2).[1] Petitioner pled guilty to (i) "participating in a conspiracy . . . from January 2001 to March 2002 . . . to distribute or to possess with the intent to distribute a mixture and substance containing 50 grams or more of cocaine base [and] cocaine"; (ii) "distribut[ion] and possess[ion] with intent to distribute 50 grams or more of a mixture or substance containing cocaine base" from January 2001 to March 2002; (iii) "distribut[ion] and possess[ion] with intent to distribute some quantity of mixture and substances [containing] cocaine" on March 14, 2002; and (iv) being a felon in "possess[ion] of a 9 millimeter semiautomatic pistol" on January 18, 2002 in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 18 U.S.C. § 922(g)(1).

---

[1]     Petitioner pled guilty and was sentenced before then Chief United States District Judge Michael B. Mukasey. On or about April 2, 2007, Petitioner's criminal case was reassigned to this Court. (See Docket [#47] in 02 Cr. 335.)

(Plea Tr., dated Aug. 15, 2002 ("Plea Tr."), at 7–10; see also Plea Agreement at 1–2; Presentence Investigation Report, dated Oct. 24, 2002 ("PSR"), at 3; Pet. at 2.) Pursuant to the Plea Agreement, Petitioner agreed not to "appeal [or] otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Guideline[] [Range]" of 120 to 135 months incarceration. (Plea Agreement at 5.)

On or about June 5, 2003, Petitioner filed a notice of appeal. (See Notice of Appeal, dated June 3, 2003 (Docket [#29] in 02 Cr. 335).) On or about July 6, 2004, the United States Court of Appeals for the Second Circuit dismissed Petitioner's "ineffective-assistance-of-counsel claim without prejudice to the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2255," and affirmed Petitioner's judgment of conviction in all other respects. United States v. Morales, 105 Fed. Appx. 308, 311 (2d Cir. 2004).

In his Petition, Petitioner alleges, among other things, that (1) his counsel was ineffective in entering into the Plea Agreement which contained a two level enhancement for a firearm that was not connected to the drug offense for which Petitioner was convicted; (2) his "counsel was ineffective for not seeking . . . safety valve [relief]" pursuant to 18 U.S.C. § 3553(f); and (3) the "Court failed to make a specific factual finding as to the two level [firearm] enhancement" during Petitioner's plea allocution and/or sentencing. (Pet. at 5, 6, 8.)

On or about July 18, 2008, United States Magistrate Judge James C. Francis IV, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court deny the Petition because, among other reasons: (1) Petitioner's counsel "acted reasonably in not objecting to the firearm enhancement in the [P]lea [A]greement" because Petitioner "was found in possession of a loaded firearm . . . where he stored and processed narcotics"; (2) Petitioner's counsel "cannot be said to have acted

2

unreasonably in forgoing an argument for sentencing under the safety valve" because Petitioner "was found to have possessed a gun in connection with his narcotics offense and was therefore disqualified from safety valve treatment"; and (3) Petitioner's claim regarding this Court's alleged failure to make factual findings supporting a firearm enhancement is "both barred by the waiver provision in his [P]lea [A]greement and procedurally defaulted since [Petitioner] failed to raise [this claim] on direct appeal." (Report at 8–11.)

The Report advises that "the parties shall have ten days from [the] date [of this Report] to file written objections." (Report at 14.) On or about July 31, 2008, Petitioner submitted objections ("Objections") to the Report. As of the date of this Order, Respondent has not filed objections or a response to Petitioner's Objections.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is dismissed.**

## II.   Standard of Review

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). As to any portions of a magistrate judge's report to which no objections have been made, the district judge may adopt all findings that are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL

31122, at *2 (E.D.N.Y. Jan 12, 1999).

### III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference. The Court has conducted a de novo review of, among other things, the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Francis are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide any basis for departing from the Report's conclusions and recommendations.[2]

**(1)     Firearm Enhancement**

Judge Francis correctly concluded that Petitioner's counsel "acted reasonably in not objecting to the firearm enhancement in the [P]lea [A]greement" because Petitioner "was found in possession of a loaded firearm while entering the location where he stored and processed narcotics" on January 18, 2002, i.e., during the narcotics conspiracy (from January 2001 to March 2002). (Report at 8–10; see Plea Tr. at 19; PSR at 12); see also United States v. Smith, 215 F.3d 237, 240 (2d Cir. 2000) ("Because the storing and cutting of drugs is 'relevant' to the offense of [a] narcotics [charge], we have held that a [firearm] enhancement is applicable in cases where a weapon is present on the premises where drugs are stored."); Muniz v. United States, 360 F. Supp. 2d 574, 579 (S.D.N.Y. 2005).

And, Judge Francis properly determined that "[P]etitioner was not prejudiced by the weapons enhancement because he was sentenced to the statutory minimum of 120 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)" for the substantive narcotics offense.

---

[2]     As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

(Report at 10); see also Jimenez v. United States, 262 F. Supp. 2d 85, 89 (S.D.N.Y. 2003).

**(2)   Safety Valve**

Judge Francis properly determined that Petitioner's counsel "cannot be said to have acted unreasonably in forgoing an argument for sentencing under the safety valve" because Petitioner "was found to have possessed a gun in connection with his narcotics offense and was therefore disqualified from safety valve treatment." (Report at 11; see PSR at 12); see also Santiago-Diaz v. United States, 299 F. Supp. 2d 293, 301 (S.D.N.Y. 2004) ("The Court . . . finds no error by counsel, nor any prejudice to [petitioner], from counsel's failure to argue for a reduction under the 'safety-valve' provision of the Sentencing Guidelines" because petitioner "was found to be in possession of a firearm."); Bonneau v. United States, No. 01 Civ. 11623, 2002 WL 1552086, at *9 (S.D.N.Y. June 4, 2002).

And, Judge Francis properly concluded that, "[b]ecause the [P]etitioner cannot satisfy the performance prong of the Strickland test in connection with his safety valve claim, [the Court] need not determine whether any prejudice resulted," (Report at 11); see also Strickland v. Washington, 466 U.S. 668, 700 (1984), but that, in any event, "Petitioner does not and cannot show that he was entitled to a safety valve reduction. Thus, he suffered no prejudice." Khan v. United States, No. 03 Civ. 6994, 2003 WL 22510371, at *3 (S.D.N.Y. Nov. 5, 2003).

**(3)   Factual Findings**

Judge Francis properly determined that Petitioner's claim that the Court "failed to make specific factual findings as to the applicability of the firearm enhancement" fails because it is "barred by the waiver provision in his [P]lea [A]greement." (Report at 11.)[3] Petitioner's plea

---

[3]   That provision states, in relevant part: "It is further agreed . . . that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Guidelines." (Plea Agreement at 5.)

allocution conformed to Federal Rule of Criminal Procedure 11 and his plea was both knowing and voluntary. United States v. Oberoi, 547 F.3d 436, 459 (2d Cir. 2008); see also Fed. R. Crim. P. 11. The record shows, among other things, that Petitioner "acknowledged that [he was] in fact guilty of the crimes charged in [c]ounts one through four, [knew] of [his] right to a trial, [knew] what the maximum possible penalties [were], [and was] aware of the guideline[s] and the mandatory minimum[s]." (Plea Tr. at 20.) Based upon Petitioner's statements, Chief Judge Mukasey concluded that Petitioner was "voluntarily pleading guilty" when he accepted his guilty plea. (Plea Tr. at 20); see also United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997) ("The district court is entitled to accept a defendant's statements under oath at a plea allocation as true.")

Petitioner's waiver of appeal rights in the Plea Agreement is enforceable because, among other things, "Chief Judge Mukasey specifically reviewed [Petitioner's] waiver of appeal rights with him"; Petitioner "confirmed that he read and reviewed the [P]lea [A]greement with [his counsel] and fully understood it"; and Petitioner's sentence of 120 months incarceration was within the "stipulated sentencing range [of] 120 to 135 months." (Report at 3, 12; see Plea Tr. at 13, 15; Plea Agreement at 4); see also Mendivelso v. United States, 507 F. Supp. 2d 331, 336 (S.D.N.Y. 2007) ("[T]he Second Circuit has enforced a waiver in a plea agreement of a defendant's right to challenge a sentence under § 2255."); see also United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004).

Judge Francis properly concluded, in the alternative, that Petitioner was "procedurally barred" from raising this claim in his Petition because he "failed to raise it on direct appeal." (Report at 12); see also De Jesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998). Petitioner has neither "claimed any cause for his failure to assert the claim on appeal," (Report at 13; see

6

Pet. at 2–14), nor "can he show actual prejudice resulting from any error related to the firearm enhancement since he was sentenced to the statutory minimum term of imprisonment." (Report at 13.) See also Jimenez, 262 F. Supp. 2d at 89.[4]

## IV.     Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V.      Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety, and the Petition [#1] is dismissed. The Court respectfully requests that the Clerk close this case.

Dated: New York, New York
       February 20, 2009

_____
RICHARD M. BERMAN, U.S.D.J.

---

[4] And, Petitioner cannot show "actual innocence since he acknowledged his guilt when he entered his plea." (Report at 13; see Plea Agreement at 5 ("The defendant hereby acknowledges that he has accepted this [P]lea [A]greement and decided to plead guilty because he is in fact guilty.").)